FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2018 AUG 17 PM 4:18
CLERK J. Hodge
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

JACOB ASHER PLOWRIGHT,

    Petitioner,

    vs.

UNITED STATES OF AMERICA,

    Respondent.

CV 111-065
(underlying CR 107-167)

**O R D E R**

In 2008, Petitioner Jacob Asher Plowright was convicted on two counts of using, carrying and brandishing a firearm during a crime of violence, violations of 18 U.S.C. § 924(c)(1)(A). He was sentenced to serve 384 months in prison.

In May 5, 2011, Plowright filed the instant civil action pursuant to 28 U.S.C. § 2255, contending the district court erred in its sentence and that his counsel was ineffective for advising him to plead guilty. Upon addressing the merits of his claims, the United States Magistrate Judge entered a Report and Recommendation recommending the dismissal of Plowright's § 2255 petition. This Court adopted the Report and Recommendation over Plowright's objections on March 20, 2012.

At present, Plowright has filed a motion for

reconsideration of this Court's Order of March 20, 2012.[1] Plowright cites the recent Supreme Court decision: Sessions v. Dimaya, 138 S. Ct. 1204 (2018).[2] Plowright believes that this case will render him "actually innocent" of his § 924(c)(1) conviction because the underlying robbery supporting the "crime of violence" element can no longer be considered a "crime of violence." Plowright cites Federal Rule of Civil Procedure 60(b), essentially seeking reconsideration of this Court's dismissal of his second § 2255 motion.

In Gonzalez v. Crosby, 545 U.S. 524, 530-32 (2005), the Supreme Court held that where a petitioner's Rule 60(b) motion contains a new claim for relief, such as a claim arising out of "a subsequent change in substantive law" or a new rule of law made retroactive to collateral review cases, that motion, although styled as a Rule 60(b) motion, is a second or successive habeas petition which must be dismissed unless the petitioner has first secured permission to file the motion

---

[1] More particularly, Plowright filed a "Motion to Vacate" in a subsequent § 2255 proceeding, Plowright v. United States, CV 114-057 (S.D. Ga. Mar. 3, 2014). Upon realizing that he meant to challenge the original § 2255 judgment in this case, Plowright filed the instant motion for reconsideration incorporating his arguments from his erroneous filing.

[2] In Dimaya, the Supreme Court held that 18 U.S.C. § 16(b), the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's definition of the term "aggravated felony," 8 U.S.C. § 1101(a)(43(F), is unconstitutionally vague. 138 S. Ct. at 1204.

from the Court of Appeals.

In short, in order for Plowright to prosecute this attack on the legality of his sentence, he must file a new § 2255 claim. However, because he has already filed a § 2255 motion, Plowright must move the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider a second or successive § 2255 motion. See 28 U.S.C. §§ 2255, 2244(b)(3). Until Plowright acquires the necessary authorization, this Court does not have jurisdiction to consider his present motion. Accordingly, his motion for reconsideration (doc. no. 23) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE